IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JOHNNY TURNER                                                                                          PETITIONER

V.                                                                                      NO. 1:14CV198-SA-SAA

SUPERINTENDENT JOHNNY DENMARK                                                          RESPONDENT

## ORDER OF DISMISSAL

The Court takes up, *sua sponte*, the dismissal of this cause. On October 27, 2014, the Court entered an order requiring the petitioner to pay the filing fee or submit a completed *in forma pauperis* application that included his inmate account information. The order cautioned the petitioner that failure to comply with the order could result in the *sua sponte* dismissal of his petition. Despite this warning, the petitioner has failed to provide the Court with his recent inmate account information. Accordingly, this matter should be dismissed for the petitioner's failure to comply with an order of the Court under Federal Rule of Civil Procedure 41(b).

Additionally, the petitioner seeks to challenge in the instant action the convictions and sentences he received in the Circuit Court of Oktibbeha County, Mississippi, for methamphetamine-related charges.[1] The petitioner has filed at least one other unsuccessful petition concerning the same sentence which he now seeks to challenge. *See Turner v. Mississippi,* 1:09CV249-SA-JAD (N.D. Miss.). The Antiterrorism and Effective Death Penalty

---

[1] Although the petitioner styles his petition under 28 U.S.C. § 2241(c)(3), which allows the writ to petitioners "in custody in violation of the Constitution," he is in custody "pursuant to the judgment of a state court," and his petition should, therefore, be considered a successive § 2254 petition under 28 U.S.C. § 2244. *See, e.g., Propes v. District Attorney Office*, 445 F. App'x 766, 767, 2011 WL 4931371(5th Cir. 2011) (holding that claim implicitly challenging the validity of a state criminal judgment must be pursued under § 2254); *Rittenberry v. Morgan*, 468 F.3d 331, 336 (6th Cir. 2006) (holding that a habeas petitioner cannot evade the procedural requirements of the AEDPA by filing his petition under § 2241 rather than § 2254).

Act, which governs this action, requires that an applicant seeking to file a second or successive petition first "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). The petitioner has not obtained such an order. Because of the petitioner's failure to comply with the Court's prior order, the Court will not transfer this action, but rather, will dismiss it.

Therefore, this action is **DISMISSED**. The petitioner may seek permission from the Fifth Circuit to file a second or successive petition in this Court and, if such permission is granted, thereafter refile his petition and supplement his *in forma pauperis* application with his recent inmate account information.

**SO ORDERED**, this the 17th day of December, 2014.

    /s/ Sharion Aycock
**CHIEF JUDGE**
**U.S. DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**